# AFFIDAVIT

**State of Kansas**    )
                      )    **ss:**
**County of Pawnee**  )

I, Ronald Bieberle, Corrections Supervisor III, at the Larned State Correctional Facility (LSCF), being duly sworn according to law upon my oath, do hereby certify and affirm that I have personal knowledge of the following to be true:

1. My name is Ronald Bieberle and I am a Corrections Supervisor III at Larned State Correctional Facility (LSCF), located in Larned, Kansas. I have been employed by the State of Kansas Department of Corrections since April of 1991.

2. I understand that plaintiff inmate Ryan Cheatham has named me in his lawsuit regarding a use of force on July 4, 2025, because I authorized the use of force conducted against him.

3. I was the shift supervisor that day on the day shift, with Angie Lines Corrections Supervisor II as my second in command. I was aware of the issue which resulted in the use of force being conducted against Mr. Cheatham. I spoke with Warden Easley about the situation and that it appeared force was going to need to be used. I did not want force to have to be used in part because it was the 4th of July holiday and I didn't want to see Mr. Cheatham, or any other inmate, miss out on the special holiday meal planned.

4. Much additional time was invested to try to bring a peaceful end to things by having multiple trained staff negotiate with Mr. Cheatham and by giving him extra time outside to perhaps resolve his issues, whatever those might have been.

5. I did personally speak with Mr. Cheatham from 8:39 a.m. to 8:45 a.m. about submitting to restraints and returning to his living area. Beyond that negotiation, I was not involved with Mr. Cheatham's movement and did not approve the use of force on him. Warden Tim Easley approved this particular use of force.

6. Warden Easley and I did discuss the use of chemical spray instead of the pepper balls and opted for pepper balls. It was outside, it was windy, spray would have gone everywhere and would have required much time to decontaminate the entire area with power washers. The pepper balls could be much better controlled as to where the chemical would go, lessening the clean-up time.

7. Warden Easley and I also discussed the option of just sending the five man team to physically restrain Mr. Cheatham. That idea was rejected for multiple reasons. The exercise area was much bigger than a one person cell and Mr. Cheatham was a good

EXHIBIT 4

sized man who was potentially dangerous. Initially he also had wire wrapped around his hands with the pointy ends poking out which were weapons. I was concerned for the safety of staff who would be asked to enter that enclosure. Because it was so large, Mr. Cheatham could run around making it difficult for the team to take him down with only five people. I didn't want there to be any unnecessary risk of injury to staff. Pepper balls were determined to be the best option for those reasons.

8. Initially it did appear that this refusal to return to the housing unit was planned by not only Mr. Cheatham, but by the other inmates in the exercise enclosures at that time. Ultimately, the others did comply and return to their housing unit without any use of force.

9. Any actions I took or did not take regarding plaintiff Cheatham were performed within the scope of the duties of my position of employment with the State of Kansas and not in any personal or non-business capacity.

FURTHER AFFIANT SAITH NOT!

_____
Ronald Bieberle

Subscribed and sworn to before me this 20th day of January, 2026.

NOTARY PUBLIC - State of Kansas
CARLA LILE
My Appt Expires 12-11-27

_____
Notary Public