# AFFIDAVIT

State of Kansas    )
                   )  ss:
County of Pawnee   )

      I, Jacob Ford Sr., Corrections Supervisor I, at the Larned State Correctional Facility (LSCF), being duly sworn according to law upon my oath, do hereby certify and affirm that I have personal knowledge of the following to be true:

1. My name is Jacob Ford Sr. and I am a Corrections Supervisor I at Larned State Correctional Facility (LSCF), located in Larned, Kansas. I have been employed by the State of Kansas Department of Corrections since May 2011.
2. I understand that plaintiff inmate Ryan Cheatham has named me in his lawsuit regarding a use of force on July 4, 2025.
3. I was assigned to the Cell Extraction Team assembled to remove Mr. Cheatham from the segregation exercise area and take him back to his living unit. Mr. Cheatham had wrapped wire from the fenced enclosure around his hands with the wire ends poking out, which created a striking and cutting weapon.
4. My job was to enter the exercise area fourth in line, with leg restraints, and was responsible for attempting to control one of Mr. Cheatham's legs. I was not ordered to possess or operate a pepper ball gun.
5. I arrived at the exercise area at 9:57 a.m. and watched COI Kimberly Converse attempt to negotiate with Mr. Cheatham. After negotiations failed at 10:01 a.m., CSI Tanner Lang and CSI Anthony Hopkins operated their guns deploying pepper balls at 10:02 a.m.. Then they waited two minutes, asking Mr. Cheatham again to submit to restraints. At 10:04 they deployed more pepper balls and at 10:05, Mr. Cheatham complied with orders to back up to the port in the exercise unit and be restrained.
6. I put hand restraints on Mr. Cheatham and COII Odane Bernard applied the leg restraints. We then escorted Mr. Cheatham back to the segregation living area, cut off his shirt to prepare for his decontamination shower. It was necessary to cut off his shirt rather than remove it because the hand restraints prevented the shirt from otherwise being removed. Because of his actions in the exercise area the decision was made to not remove his hand restraints. The decision was then made to remove his leg restraints and to remove his sweatpants, shorts and briefs rather than to cut them off. The temperature of the water was turned to cold to be more comfortable to Mr. Cheatham. I held Mr. Cheatham's left arm and guided him to the shower. He received a ten-minute shower. I assisted Mr. Cheatham out of the shower. He was

EXHIBIT 7

assessed by RN C. Williams at 10:24 a.m. and was cleared for crisis level housing placement. Once in the living unit, Mr. Cheatham backed up to the restraint port for removal of his hand restraints. I held onto them while COII Bernard removed them and the port was closed and secured. It was necessary to hold the restraints because inmates will sometimes try to pull the restraints into the living area and compel the need for a use of force to recover the restraints.

7. Any actions I took or did not take regarding plaintiff Cheatham were performed within the scope of the duties of my position of employment with the State of Kansas and not in any personal or non-business capacity.

FURTHER AFFIANT SAITH NOT!

COI *Jacob D Ford Sr.*
Jacob Ford Sr.

Subscribed and sworn to before me this 20th day of January 2026.

*Carla Lile*
Notary Public

NOTARY PUBLIC - State of Kansas
CARLA LILE
My Appt Expires 12-11-27