IN THE UNIted States District Court
FOR THE DIstrict of Kansas

**FILED**
**U.S. District Court**
**District of Kansas**
03/09/2026
**Clerk, U.S. District Court**
**By:_JAL_Deputy Clerk**

Ryan Cheatham
        Plaintiff                    5:25-cv-03241-JWL

        V.                           Submitted for E-file
Tim Easley                           3-7-26.
        Defendants et aL                    (1 of 8)
                                     (Plus Exh. 2)

Plaintiff's Memorandum of Law in
support of his Motion for Summary Judgment.

I. Nature of Case.
Plaintiff on July 4th 2025 was shot in
the Back and Back of the head and Legs
by Correctional officers at the Larned Correctional
Facility. Plaintiff alleges the use of force
was excessive and violated his eighth
amendment rights using cruel and unusual
Punishment. Plaintiff also raised a deliberate
indifferent claim and equal laws protection
Claim.

        II. Legal standard.
The Eighth Amendment's prohibition against
Cruel and unusual punishments" applies to
treatment of inmates by prison officials. See
Whitley v. Albers 475 U.S. 312, 319-21   (1).
(1986)

Prison officials violate inmate's Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." Id. at 319. [W]hen ever prison officials stand accused of using excessive physical force in violation of the Cruel and unusual Punishment Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain ~~to restoring~~ or restore discipline, or <u>Maliciously and Sadistically to cause harm.</u> "<u>Hudson V. McMillian</u>, 503 U.S 1, 6-7 (1992) (Citation omitted)" The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, Provided that the use of force is not of a sort 'repugnant to the conscience of Mankind." Id. at 9-10.

Plaintiff must prove both an Objective component and subjective Component to Suceed on an excessive force Claim. Smith, V. Cochran, 339 F.3d 1205, 1212 (2. 10th Cir 2003.

To establish the Objective Component, Plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a Constitutional violation." Id. Not every isolated battery or injury to an inmate amounts to a federal Constitutional Violation. See Hudson, 503 U.S. at 9 (stating that not "every Malevolent touch by a prison guard gives rise to a federal cause of action.")(citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd cir. 1973)("Not every push or shove, even if it may later seem unnecessary in the peace of a Judge's chambers, Violates a prisoner's Constitutional rights").

To establish the Subjective Component, Plaintiff must show that Defendant "act[ed] with a sufficiently culpable state of mind. "Cochan, 339 F.3d at 1212 (citation omitted).

Plaintiff Can Meet Both Objective Component and the Subjective Component. See Provided video footage of the Incident. Also See Provided Affidavits by officer Hopkins    (3)

and officer Tanner Lang who isnt named as a defendant in this case. Officer Hopkins Shot 55 pepperball projectiles at Plaintiff and officer Tanner Lang shot 6. waited and shot 6 more for a total of 12 times. Officers fired a total of 67 Pepperball projectiles at Plaintiffs Back and Back of Plaintiffs Head and legs. Plaintiff received Multiple Bleeding wombs and bruises. plaintiff even had extra cloths on. ★for the objective component Plaintiff will point to case Nelson V. City of Davis, 685 F.3d 867 282 Ed. Law Rep. 80, 12 Cal. Daily Op. Serv. 7839, 2012 Daily Journal D.A.R 9528 (9th Cir. 2012)

    Timothy Nelson a former Student of the University of California at Davis (U.C. Suffered permanent injury when he was shot in the eye by a pepperball projectile. This case Broke down the functioning of the pepperball projectile. " Pepper ball guns are, in essence, Paintball guns that fire rounds containing oleoresin Capsicum ("OC") powder, also known as pepper Spray. These rounds are fired at a Velocity of 350 to 380 feet per second Nelson V. City of Davis 571 F.3d 924     (4)

926 n. 1 (9th Cir 2009) with the Capacity to fire Seven rounds per second. They break open on impact and release OC powder into the air, which has an effect Similar to Mace or pepper spray. PEPPERBALLS THEREFORE COMBINE THE KINETIC Impact of a Projectile with Sensory discomfort of pepper Spray. See [685 F.3d 874]. It states "When the party goers failed to disperse, wilson ordered his team to "disperse them," at which point Barragan, Chang and Garcia shot pepperballs towards Nelson's group from a distance estimated by various parties to have been "45 to 150 feet away A pepperball launched from one of the officers guns struck Nelson in the eye. As a result of his injury, Nelson Suffered temporary blindness, and "a permanent loss of visual acuity," and endured "multiple surgeries to repair the ocular injury he sustained."

[Objective Argument]

• Plaintiff was less than And or about 8 to 10 feet away from the active shooters. as stated — in the above case, these pepperball launcher Guns are fired at a velocity of 350 to 380 feet per second

There is No set number of How many Pepperballs Hit plaintiff. He was told only 12 by officers. Plaintiff Sustained open wombs to his arms, and Back and Could of been shot in the face had he not turned His Back towards the Shooters.

[Subjective Argument]

Officer Hopkins states in his Affidavit that he stepped back away from the cage close to plaintiff and fired his pepperball Launcher so Plaintiff wouldn't grab his gun. Also SEE Exhibit "Z" Cobb states work to improve amount of pepperballs used.

(5)

He said He fired a Total of 55 times to make sure plaintiff was struck. He didn't shoot to cause plaintiff pain or discomfort. Contrary to this story, Plaintiff's Back was towards the active shooters the entire time, Plaintiff Never once became aggressive with staff before or when the shooters deployed the pepperballs

Plaintiff didn't Have a weapon nor made any threats to staff. Plaintiff couldn't possible greb the officers guns even if he tryed, as there was a wire caged fence that seperated Plaintiff and the officers shooting for Example the fence looked like the ~~_____~~ it would of been imposible for plaintiff (Drawing Below) to grab the officers' guns. this statment by officer Hopkins shows a sufficiently culpable state of mind. by making a claim that plaintiff could of grabbed his gun knowing his Back was to the officers Before they started shooting. And claiming Plaintiff could of grabbed the gun - when it would of been impossible due to the construction of Wired Fence. This officer Had every intention to cause Plaintiff Pain and discomfort.

To First order a physical cell extraction, to the use of pepperball projectiles Claiming Plaintiff had wires or weapon, they knew plaintiff didn't Have as He told officer Cobb He wasn't trying to catch additional time ~~and~~ in prison and He gave those wires to Cobb long before the shooters came, shows this Planned use of force by those involved had a sufficiently Culpable Mind state and was "Maliciously and sadistically to cause Plaintiff Harm

Plaintiffs Misunderstood position After Incident plaintiff was indeed patronizing staff, Because He knew they intended to Hurt Him and He wasn't going to show they did. plaintiff also put in Sick calls to be seen about Back pains and other discomforts. However when prison officials Maliciously and Sadistically use force to cause harm,

Contemporary Standards of decency always are violated [.] WHETHER or NOT Significant injury is evident." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (Internal quotation Marks and ellipsis) omitted).

Whether Plaintiff Only Had Bruises and Bleeding Wombs from the projectiles is irrelevant if the court finds actions to be Maliciously and Sadistically to Cause Plaintiff Harm.

To satisfy the Subjective Component, a Plaintiff must show that a prison official acted with a "Sufficiently culpable State of mind" Whitley v. Seiter, 475 U.S at 322.

Final Plaintiff Asserts these officer took no Measures to "TEMPER tHE SEVERITY of the force applied. Nor did Warden Easley when He First ordered a physical Contact use of Force then Changed It to the use of Pepperball Guns / chemical agents. Knowing Plaintiff didn't Have No weapons, Officers didn't say, Let Me See Your Hands. they started saying cuff up and started shooting Plaintiff, even when Plaintiff was Bent over, Hopkins still fired. Plaintiff Can establish these defendants "Wantoness" to See Hudson v. McMillian 503 u.s 1 7 (1992)

www.PrintablePaper.net

(7)

Where courts consider if prison officials took measures to temper the severity of force applied. Plaintiff's situation the severity of force went up, and was ordered by warden easley.

Deliberate indifference to Safety.
Prison officials must "take reasonable measures to guarantee the Safety of... inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).
To establish liability for deliberate indifference to the Safety of inmates, an inmate must show that there was a Sufficiently Serious risk of harm and that prison officials knew of the risk of harm. Farmer v. Brennan, 114 S. Ct. 1970 1977 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th cir. 1994), Cert. denied, 115 S. Ct. 1695 (1995).

Plaintiff asserts this was a planned Use of force by mentioned officers and Warden, and was deliberately motivated by Malicious intent, and fabricated by reason of plaintiff having a weapon or weapons these Staff knew plaintiff didn't have,

— Conclusion — Plaintiff will dismissed his equal of law protection claim, Plaintiff moves for expediate summary Judgment on Plaintiff's excessive use of force claim and cruel and unusual punishment claim, as well as his deliberate indifference claim, Plaintiff request the MAXimum amount of damages and Any other relief this court deems Just, Plaintiff Exhausted all administrative Remedys.
Respectfully               200064842
Submitted

(8)



2026-08-0001
Cont'd from Page 2

AAR. Discuss positive results and multiple staff negotiating and staff remaining patient. Work to improve amount of pepper balls used for force.

Exhibit "2"

States "work to improve amount of pepper balls used for force"