**FILED**
**U.S. District Court**
**District of Kansas**
06/04/2026

**Clerk, U.S. District Court**
**By:** JAL **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RYAN CHRISTOPHER CHEATHAM,

      **Plaintiff,**

      v.                         CASE NO.  25-3241-JWL

TIM EASLEY, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, the events giving rise to his claims occurred at the Larned State Correctional Facility in Larned, Kansas ("LSCF").  The Court granted Plaintiff leave to proceed in forma pauperis.  On April 15, 2026, the Court entered a Memorandum and Order (Doc. 27) ("M&O") granting Plaintiff until May 14, 2026, in which to respond to the *Martinez* Report (the "Report") and to show good cause why his Eighth Amendment excessive force claim should not be dismissed for the reasons set forth in the M&O.  The M&O provides that "Plaintiff is directed to refrain from filing anything other than the response ordered in this Memorandum and Order."  (Doc. 27, at 18.)

Despite the Court's order, Plaintiff has filed six motions, a declaration, two responses, and a supplemental response.  *See* Docs. 28, 29, 31, 32, 33, 34, 35, and 36.  The Court will address Plaintiff's pending motions.

### 1.  Motion for Extension of Time (Doc. 28)

Plaintiff seeks an extension of time to respond to the M&O and access to the use of force policy submitted with the Report.  Despite his request for an extension of time to respond, Plaintiff has filed his response to the M&O (Doc. 31), a memorandum in support (Doc. 31–1), another

response (Doc. 34), and a supplemental response (Doc. 35).  Plaintiff has also filed a Declaration (Doc. 29); a motion seeking to stay these proceedings and objecting to the M&O (Doc. 32); another Motion and Objection to the Court's M&O (Doc. 33); and another Motion and Objection (Doc. 34) objecting to the denial of his motions in the M&O.   All of these documents were filed prior to Plaintiff's May 14, 2026 deadline to respond to the M&O.  Any request for an extension of time is denied.

Plaintiff also asks the Court to order the Kansas Department of Corrections ("KDOC") to provide him with access to view the use of force policy.  (Doc. 28, at 1.)  Plaintiff argues that he needs to view the policy to enable him to respond to the M&O.  Plaintiff seeks to view the policy to "establish that there didn't need to be 'two shooters' using 'Launcher projectiles Guns, pepperball chemical agents" and that "officers using these projectiles are required to fire '3' times wait then '3' more times, THEN proceed with a physical cell extraction."  *Id*. at 1–2.

Plaintiff claims that "sort officer" Jordan informed Plaintiff that there was no need for two shooters, and that they are trained to deploy three rounds, wait, and then three more rounds.  After the second deployment/round the officers are usually required to initiate a cell extraction by way of physical contact.  *Id*. at 2–3.  Plaintiff asks the Court to "take a deposition from Officer Jordan." *Id*. at 3.

The Use of Force policy (IMPP 12-111A) was submitted as an exhibit to the Report and was placed under seal.  (Doc. 13, sealed.)  The Court's Order granting the motion to seal found that "Exhibit 21 is the Internal Management Policy and Procedure 12-111A dealing with the use of force policy and Plaintiff will not be allowed to view or possess the exhibit for security reasons." (Doc. 14, at 1.)  Therefore, Plaintiff will not be allowed to review the policy for security reasons.

Plaintiff has not asserted a claim based on the use of force policy.[1]    He does not mention the policy in his Complaint.  *See* Doc. 1.  Furthermore, the Tenth Circuit has held that it is a plaintiff's "burden to establish that the Constitution, not just a policy, is implicated."  *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (citing *cf. Jolivet v. Cook,* 48 F.3d 1232, —— (10th Cir.1995) (unpublished) ( "Plaintiff notes that defendants admitted they violated prison policy on use of taser weapons. However, violation of a prison regulation does not give rise to an Eighth Amendment violation absent evidence the prison official's conduct failed to conform to the constitutional standard.")).

Plaintiff does not allege supervisory liability or a failure to train in his Complaint.  *See* Doc. 1.   He does not allege that Warden Easley, Major Grahan, or Captain Bieberle failed to properly train staff.  *Id*.  Instead, he alleges in the Complaint that they personally participated in the violation of his rights by ordering or approving the planned use of force.  *Id*. at 3.

The Court has reviewed the use of force policy, and it does not appear to address Plaintiff's two questions.  The Court will grant the Interested Party an opportunity to supplement the Report with an affidavit from Officer Jordan or any additional information that relates to Plaintiff's questions in his motion.  Because Plaintiff has filed multiple responses to the M&O, his current request for an extension of time is denied.  If a supplement is filed, Plaintiff will be given an

---

[1]*See Isaac v. Manning*, 2025 WL 3296189, at n.4 (D. Or. 2025) ("Policy-based claims like those recognized by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) allow for claims against *municipal* entities, and are not applicable to *state* entities or state agents in their official capacities.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (holding the Eleventh Amendment protects both states and "governmental entities that are considered 'arms of the State' " from liability under Section 1983, notwithstanding *Monell*)); *Diaz v. Baldwin*, 2021 WL 1401463, at *5 (S.D. Ill. 2021) ("The Court notes, however, that Plaintiff also seeks injunctive and declaratory relief. Plaintiff will not be allowed to proceed on these claims because there is no basis to hold IDOC liable for the purported unconstitutional action related to its alleged implementation and maintenance of unconstitutional policies and practice as *Monell* is not applicable to states or states' departments, such as IDOC.") (citing *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748–49 (7th Cir. 2005) ("The Court has been clear, however, that *Monell's* holding applies only to municipalities and not states or states' departments.") (citation omitted)).

opportunity to supplement his response to address the supplement to the Report.  If the Report is not supplemented, the Court will determine whether or not Plaintiff's current responses have sufficiently shown good cause as to why his Eighth Amendment claim should not be dismissed for the reasons set forth in the M&O.  Therefore, Plaintiff should refrain from filing any further pleadings unless the Court enters an order either granting him an opportunity to supplement his response or determining whether his current responses show good cause.

### 2.  Request for Appointment of Counsel (Doc. 31)

In his response to the Report, Plaintiff asks the Court to appoint counsel to represent him. (Doc. 31, at 1.)  To the extent Plaintiff seeks the appointment of counsel, the request is denied. There is no constitutional right to appointment of counsel in a civil case.  *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case.  *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)).  In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff.  The Court cannot guarantee that an attorney will volunteer.  *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel.  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d

1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if this matter survives screening. The remainder of Doc. 31 will be considered as part of Plaintiff's response to the M&O.

### 3. Motion to Stay Case (Doc. 32)

Plaintiff asks the Court to stay these proceedings "pending Plaintiff's motion and objection to the denials of Doc. 15, 17, 19, 21, 23, 25 and 26." (Doc. 32, at 1.) Plaintiff asks the Court for "findings of facts and conclusions of law" regarding the denial of those motions. *Id*. Specifically, he asks the Court to "make findings of fact and conclusion of law" as to why his summary judgment motion and motion for default judgment were disregarded. *Id*.

The Court set forth the reasons for denying his motions in the M&O. *See* Doc. 27, at 11–18. The Court is not required to make additional "findings of fact and conclusions of law" in denying each of Plaintiff's motions. The reasoning is set forth over eight pages in the M&O. *Id*. In particular, the Court noted that Plaintiff's excessive force claim has not passed screening and his request for expedited summary judgment is premature. *Id*. at 16. The Court is also denying

Plaintiff's motion at Doc. 34 that also objects to the denial of his motions.  Plaintiff's motion is denied.

**4.  "Motion and Objection to the Court's Findings in the Martinez Report Doc. 27" and "Motion for Relief from a Judgment or Order" (Doc. 33)**

Plaintiff alleges that the Court has made a clerical mistake under "Section III Discussion," arguing that the Court took a position that is contrary to the video.  (Doc. 33, at 1–2.)   Plaintiff claims that the officers asked if he was going to cuff up, and there was no time in between the command and when the shots were fired.  *Id*. at 2.  Plaintiff then claims that he did not state on the video that it was nothing personal and that he was making a statement, and that he did not laugh after stating "round two what are we doing."  *Id*.  Plaintiff then claims that he did not have wires wrapped around his fingers waiting for SORT to arrive, he claims that he picked the wires up off the ground and handed them to Officer Cobb.  *Id*. at 3.  He claims that he pleaded "guilty to disobeying orders and threatening and intimidating due to having wires at one point before negotiations started" and that the infraction was for having the wires and not due to him making threats toward staff.  *Id*. at 4.  Plaintiff states that he is therefore objecting to the findings in the M&O at Doc. 27.  *Id*.

In his motion, Plaintiff acknowledges that he "plead guilty to disobeying orders and threatening and intimidating due to having wires at one point before negotiations started," and that his charge was for having the wires, not for threatening.  *Id*. at 4.  Plaintiff claims he did not have a weapon during the use of force.  The Court's M&O does not state that Plaintiff had wires wrapped around his fingers when the officers arrived to initiate the planned use of force.  This was an incident that happened earlier that morning, and Plaintiff pleaded guilty to the charge.

6

Plaintiff states that he is seeking relief under Rule 60(b). *Id.* Rule 60 provides grounds for relief from a final judgment, order, or proceedings. Fed. R. Civ. P. 60(b). The Court's M&O at Doc. 27 granted Plaintiff an opportunity to respond to the Report and to show good cause why his Eighth Amendment claim should not be dismissed. (Doc. 27, at 18.) Although the M&O also denied various motion, the objections Plaintiff's makes in his motion relate to the Court's findings under the discussion section of the M&O relating to his excessive force claim. The Court granted Plaintiff an opportunity to respond to the M&O and will consider his statements and arguments in his motion as part of his response. *See BKV Barnett, LLC v. Elec. Drilling Tech, LLC*, 2024 WL 4833776, at *1 (D. Colo. 2024) ("Rule 60(b) provides that a court can relieve a party from 'a *final* judgment, order or proceeding'" and "[t]he show cause order was not a final order, as the parties themselves note.") (citing Fed. R. Civ. P. 60(b) (emphasis in original)); *see also Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. (2025) ("The general 'purpose' of the Rule, we have said, is 'to make an exception to finality.'").

The Court Local Rules provide that '[e]xcept for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time." D. Kan. Rule 7.3. Rule 7.3 provides that a motion to reconsider must be based on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Id.* Plaintiff has not shown that he is entitled to reconsideration of the Court's findings in the M&O at Doc. 27. The Court will consider the motion as a response to the order to show cause in the M&O. The motion is denied.

### 5. Motion and Objection to the Denials of Doc. 15, 17, 19, 21, 23, 25 and 26 (Doc. 34)

Plaintiff objects to the denials of his motions, claiming that the Court's "rulings/orders are

clear error, contrary to law and an abuse of discretion." (Doc. 34, at 1.) Plaintiff claims that the Report contains fraud, and that the affidavits in the Report were submitted in bad faith and contain misrepresentations of fact. These arguments are addressed to the Report—which Plaintiff was given an opportunity to respond to—and not to the Court's denial of his motions.

The only denied motion that Plaintiff addresses is his motion for summary judgment. *Id*. He claims that he is allowed to move for summary judgment at any time and that the Defendants failed to contest his motion. *Id*. He also claims he has the right to move for a default judgment. *Id*. at 2. Plaintiff then points to this Court's grant of a motion for extension of time filed by the defendants in one of Plaintiff's other pending cases and argues that it shows that the Court favors defendants. *Id*. Plaintiff asks the Court again to make findings of fact and conclusions of law regarding the denial of his motions.

As set forth above, the Court set forth its findings regarding each motion over eight pages of its M&O, and is not required to make additional findings of fact and conclusions of law. Plaintiff's assertion that he could file a motion for summary judgment or for a default judgment "at any time" is without merit. The Court's Memorandum and Order at Doc. 6 ordered a *Martinez* Report and provides that: 1) "If the complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the docket entry for the waiver of service is not controlling."; 2) "No motion or other document addressed to the Complaint shall be filed until the Court has reviewed the *Martinez* Report and entered an order screening the Complaint."; and 3) "Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint." (Doc. 6, at 8–9.)

Plaintiff's excessive force claim has not passed screening, he was ordered to refrain from filing motions, and the Defendants have not been required to answer or respond to the Complaint. Plaintiff's objections to the Court's denial of his motions is denied.

### 6. Motion to Release Use of Force Video (Doc. 36)

Plaintiff seeks a release of the July 4, 2025 video capturing the use of force at LSCF "pursuant to the Freedom of Information Act." (Doc. 36, at 1.) Plaintiff seeks his own copy of the use of force video and pictures of his injuries. *Id*. He argues that the part showing Plaintiff with no clothing and being taken to the shower is "irrelevant." *Id*.

The Court has already denied Plaintiff's motion (Doc. 23) seeking a copy of the use of force video. (Doc. 27, at 17.) The Court denies the current request for the same reasons. To the extent that Plaintiff now claims that he is making his request under the Freedom of Information Act ("FOIA"), his request is denied.

Neither the Privacy Act nor the Freedom of Information Act, codified at 5 U.S.C. §§ 551 and 552, applies to the Judicial Branch. *See* 5 U.S.C. § 551 (1)(B) (excluding the courts of the United States from the definition of "agency" used in § 551 et seq. of Title 5); *see also Robertson v. Roberts*, 386 F. App'x 797, 807 (10th Cir. 2010) (unpublished) (denying FOIA request because "the Freedom of Information Act makes [agency] information available to the public. It does not apply to the courts of the United States.") (quoting *Cook v. Willingham*, 400 F.2d 885 (10th Cir. 1968) (per curiam) (internal quotation marks omitted)). Plaintiff's FOIA request is denied.

### 7. Excessive Filings

Plaintiff continues to submit excessive filings despite the Court's orders in this case and Plaintiff's other pending cases.[2] Plaintiff's filings delay the Court's ability to screen his claims

---

[2] *See Cheatham v. Howes*, Case No. 25-3091 (D. Kan.); *Cheatham v. Easley*, Case No. 25-3218 (D. Kan.); and *Cheatham v. Zmuda*, Case No. 26-3137 (D. Kan.).

and strain the Court's resources.  Plaintiff shall refrain from submitting any additional filings in this case until further order of the Court. If Plaintiff continues to disregard the Court's orders, the Court may consider filing restrictions.

**IT IS THEREFORE ORDERED** that Plaintiff's request for the appointment of counsel in Doc. 31 is **denied without prejudice**.  The remainder of Doc. 31 will be considered as part of Plaintiff's response to the M&O.

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 28, 32, 33, 34, and 36) are **denied.**

**IT IS FURTHER ORDERED** that the Interested Party is granted until **July 6, 2026,** in which to either supplement the Report as directed in this Memorandum and Order, or to advise the Court as to why a supplement will not be submitted.

**IT IS FURTHER ORDERED** that Plaintiff shall refrain from submitting any additional filings until further order of the Court.

**IT IS SO ORDERED**.

**Dated June 4, 2026, in Kansas City, Kansas.**

<div style="margin-left:40%">

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

</div>