FILED
U.S. District Court
District of Kansas
08/12/2026
Clerk, U.S. District Court
By: JAL Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RYAN CHRISTOPHER CHEATHAM,**

**Plaintiff,**

**v.** **CASE NO. 25-3241-JWL**

**TIM EASLEY, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), the event giving rise to his claim occurred at the Larned State Correctional Facility in Larned, Kansas ("LSCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On April 15, 2026, the Court entered a Memorandum and Order (Doc. 27) ("M&O") granting Plaintiff until May 14, 2026, in which to respond to the *Martinez* Report (the "Report") and to show good cause why his Eighth Amendment excessive force claim should not be dismissed for the reasons set forth in the M&O. The M&O provides that "Plaintiff is directed to refrain from filing anything other than the response ordered in this Memorandum and Order." (Doc. 27, at 18.) Despite the Court's order, Plaintiff filed six motions, a declaration, two responses, and a supplemental response. *See* Docs. 28, 29, 31, 32, 33, 34, 35, and 36. On June 4, 2026, the Court entered a Memorandum and Order (Doc. 37) denying the motions, granting the Interested Party until July 6, 2026, in which to supplement the Report, and ordering Plaintiff to "refrain from submitting any additional filings until further order of the Court." (Doc. 37, at 10.) The Interested Party filed its supplement to the Report (Docs. 38, 40), and the Court entered an order granting Plaintiff until July 29, 2026, to file a supplemental response to the supplement to the Report. (Doc. 41.) The order provides that

"Plaintiff should refrain from filing any pleadings other than his supplemental response addressing the supplement to the Report at Doc. 38." (Doc. 41, at 2.) Plaintiff filed his supplemental response on July 9, 2026 (Doc. 42).

Despite all the Court's prior orders requiring him to refrain from submitting any additional filings, Plaintiff has now filed: a Motion for Temporary Restraining Order (Doc. 44); a Motion to Amend Complaint (Doc. 45); a Supplemental Motion for Temporary Restraining Order (Doc. 46); and a Motion for Leave to File and Request Newly Discovered Evidence Concerning Use of Force and Martinez Report (Doc. 47).

**1. Motion for Temporary Restraining Order ("TRO") (Doc. 44)**

Plaintiff claims that the KDOC seized his legal documents and property on July 28, 2026, based on a policy that forces inmates to accept cellmates or lose their property. (Doc. 44, at 1–2.) Plaintiff claims that he has only been without a cellmate for one week. *Id*. at 2. Plaintiff claims that the administration is threatening to harm Plaintiff by assembling a sort team if he does not accept a noncompatible cellmate. *Id*. Plaintiff claims that he needs an attorney and oral argument. *Id*.

This case involves a single instance of an alleged use of excessive force at LSCF on July 4, 2025. Plaintiff is now housed at EDCF and his issues with his property and refusal to accept a cellmate are completely unrelated to this issue in this case. Plaintiff cannot use the instant case to make claims regarding his current, unrelated grievances at EDCF. Any such grievances must be exhausted through the prison's administrative grievance procedure and then brought pursuant to a newly-filed civil rights action. Plaintiff's motion is denied.

**2. Motion to Amend Complaint (Doc. 45)**

Plaintiff seeks leave to amend his complaint to add Deputy Warden Clark, Sort Officer

Aarons, and "whoever approved the use of force on July 30, 2026." (Doc. 45, at 1.) These proposed defendants are staff at EDCF. Plaintiff claims that he was "shot" while in handcuffs at EDCF on July 30, 2026. *Id.* Again, this claim is unrelated to the claim in this case. Based upon the date of the alleged incident, it appears that Plaintiff has failed to fully exhaust his administrative remedies for this claim. If Plaintiff believes he has a claim against staff at EDCF based on an incident occurring on July 30, 2026, the claim must be exhausted through the prison's administrative grievance procedure and then brought pursuant to a newly-filed civil rights action. The motion is denied.

**3. Supplemental Motion for Temporary Restraining Order (Doc. 46)**

Plaintiff's supplemental request for a TRO references the alleged use of force at EDCF on July 30, 2026. (Doc. 46, at 1.) Plaintiff states that he was shot with pepperballs by Sort Officer Aarons while handcuffed inside his cell. *Id.* Plaintiff requests "relief from courts." *Id.* Plaintiff's motion is denied for the same reasons his original motion seeking a TRO and motion to amend are being denied.

**4. Plaintiff's Motion and Leave to File and Request Newly Discovered Evidence Concerning Use of Force and Martinez Report (Doc. 47)**

Plaintiff again sets forth the incident allegedly occurring at EDCF on July 30, 2026. (Doc. 47, at 1.) Plaintiff asks the Court to obtain video of the July 30, 2026 incident to show that there is no set policy in place regarding the use of pepperballs. *Id.* Plaintiff claims that the Report provides that the only reason the pepperballs were used in the incident at LSCF was because he was outside and they were attempting to get Plaintiff to cuff up. He claims that in the incident at EDCF they were used while he was inside and cuffed. *Id.* Plaintiff attaches his affidavit in support. (Doc. 47–1.)

As set forth above, this alleged use of force at EDCF involves a different facility, different staff, and different circumstances. Furthermore, Plaintiff's ongoing filings are in violation of the Court's orders in this case. The motion is denied.

**5. Future Filings**

Plaintiff continues to disregard the Court's prior orders requiring him to refrain from submitting any additional filings until further order of the Court. Plaintiff shall refrain from filing anything further in this case until the Court has fully screened his claim and entered an order. Plaintiff's filings delay the Court's ability to screen his claims and strain the Court's resources. If Plaintiff continues to disregard the Court's orders, the Court will consider imposing filing restrictions.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (Docs. 44, 45, 46, and 47) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff shall refrain from submitting any additional filings until further order of the Court.

**IT IS SO ORDERED**.

**Dated August 12, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**