FILED
U.S. District Court
District of Kansas
10/20/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RYAN CHRISTOPHER CHEATHAM,**

**Plaintiff,**

**v.** **CASE NO. 25-3241-JWL**

**TIM EASLEY, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, the events giving rise to his claims occurred at the Larned State Correctional Facility in Larned, Kansas ("LSCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On December 22, 2025, the Court entered a Memorandum and Order (Doc. 6) ("M&O") finding that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials. The Court's M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 6, at 6.) The *Martinez* Report (Docs. 11, 13, 16) (the "Report") was filed.

On April 15, 2026, the Court entered a Memorandum and Order (Doc. 27) ("M&O II") granting Plaintiff an opportunity to respond to the Report and to show good cause why his Eighth Amendment excessive force claim should not be dismissed for the reasons set forth in the M&O II. Plaintiff has filed multiple responses (Docs. 17, 18, 20, 21, 22, 31, 33, 34, and 35). The KDOC officials filed a supplement to the Report (Doc. 38) and Plaintiff has filed a response to the supplement (Doc. 42). The Court's screening standards are set forth in the M&O. (Doc. 6, at 2–4.)

Plaintiff alleges an Eighth Amendment[1] violation based on an incident occurring on July 4, 2025, at LSCF. (Doc. 1, at 3.) Plaintiff alleges that Warden Easley, Major Graham, and Captain Bieberle ordered and/or approved a use of force on Plaintiff. *Id*. Plaintiff alleges that "while having [his] hands in the air in a submissive position[,] Officer Cobb ordered the deployment of pepperball projectiles." *Id*. Plaintiff alleges that Officers Hopkins and Ford were the two active shooters. *Id*. Plaintiff alleges that he "was facing opposite of the two officers shooting with [his] back facing them and hands up." *Id*. at 3, 5.

Plaintiff alleges that "officers who disagreed with the amount of force used stated there was over 100 shots." *Id*. at 5. Plaintiff claims that these officers stated that once Plaintiff's hands were up, he should have been told to step to the bean port to be cuffed up or told to get down on the ground. *Id*. These officers also told Plaintiff that other options were available where there was no "active violence" and Plaintiff did not have a weapon in his hands "at the time the shots started." *Id*. Plaintiff claims that he was bleeding and bruised, and sustained injuries to his back and the back of his head. *Id*.

The Court finds that Plaintiff's Eighth Amendment claim survives screening. The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation

[1] Plaintiff sets forth three counts in his Complaint: excessive use of force in violation of the Eighth and Sixth Amendments; an Eighth Amendment violation based on cruel and unusual punishment; and an Eighth Amendment violation based on deliberate indifference. The Court advised Plaintiff in the M&O II that Plaintiff does not have an excessive force claim under the Sixth Amendment, and that Plaintiff's claims of excessive force, cruel and unusual punishment, and deliberate indifference are all the same claim under the Eighth Amendment. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment"). Plaintiff states elsewhere in his Amended Complaint that this is also an equal protection violation. (Doc. 1, at 5.) He does not elaborate on this claim or include in under his "counts." In a subsequent filing, Plaintiff indicates that he is dismissing any claim under the equal protection clause. (Doc. 22, at 8.) Therefore, the Court will only address Plaintiff's claim under the Eighth Amendment.

when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)). Thus, at this point in the proceedings the Court does not use the Report to resolve conflicts of fact. *See Swoboda v. Duback*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the Martinez report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes.").

Plaintiff has filed a Motion for Ruling asking the Court to rule on his responses and to enter summary judgment in favor of Plaintiff. (Doc. 49, at 1.) Although the Court finds that this case passes the Court's screening, Plaintiff does not have a pending motion for summary judgment and any request for summary judgment is premature. Therefore, Plaintiff's motion for ruling is denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Eighth Amendment claim based on the use of excessive force passes the Court's screening under 28 U.S.C. § 1915A and § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling (Doc. 49) is **denied** as moot.

**IT IS SO ORDERED**.

**Dated October 20, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**